UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DITECH FINANCIAL, LLC and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>VEGAS PROPERTY SERVICES, INC.,<br><br>Defendant. | Case No. 2:17-cv-03050-RFB-NJK<br><br>ORDER |
| VEGAS PROPERTY SERVICES, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>DITECH FINANCIAL, LLC and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Counter-Defendants. | |
| VEGAS Property Services, Inc.,<br><br>Cross-Claimant,<br><br>v.<br><br>JOCELYN VUCKOVIC, an individual,<br><br>Cross-Defendant. | |

## I. INTRODUCTION

Before the Court are five contested motions: Plaintiffs Federal Home Loan Mortgage Corporation ("Freddie Mac") and Ditech Financial LLC's ("Ditech") Motion for Reconsideration

of Order Granting Defendant Rule 56(d) Motion, ECF No. 31; Defendant Vegas Property Services, Inc.'s ("Vegas Property") Motion to Compel Discovery, ECF No. 37; Freddie Mac and Ditech's Motion for Summary Judgment, ECF No. 38; Freddie Mac and Ditech's Motion to Stay Discovery, ECF No. 39; and Vegas Property's Motion for Summary Judgment, ECF No. 40.

## II. PROCEDURAL BACKGROUND

Freddie Mac and Ditech sued Vegas Property on December 12, 2017, alleging (1) Declaratory Relief under 12 U.S.C. § 4617(j)(3); (2) Quiet Title under 12 U.S.C. § 4617(j)(3); (3) Declaratory Relief under the Fifth and Fourteenth Amendments to the U.S. Constitution; and (4) Quiet Title under the Fifth and Fourteenth Amendments to the U.S. Constitution. ECF Nos. 1, 6 (corrected image of complaint). The Court stayed this matter, per the parties' stipulation, pending an appeal to the Ninth Circuit Court of Appeals on a dispositive issue. ECF No. 15. The stay was lifted after the Ninth Circuit issued Berezovsky v. Moniz, 869 F.3d 923 (9th Cir. 2017). ECF No. 16. Freddie Mac and Ditech then moved for summary judgment, but the Court denied the motion on July 10, 2018 ("July 2018 Order") based on Vegas Property's Federal Rule of Civil Procedure 56(d) motion to delay an order of summary judgment. ECF Nos. 18, 26.

Vegas Property answered the complaint. ECF No. 19. In its answer, Vegas Property asserted a counterclaim for declaratory relief and quiet title under Nevada Revised Statute ("NRS") 30.010, NRS 40.10, and NRS 116.3116 against Freddie Mac and Ditech. Id. Vegas Property also asserted the same claim as a crossclaim against Jocelyn Vuckovic. Id. Freddie Mac and Ditech answered the counterclaim. ECF No. 28. Vuckovic disclaimed any interest in this matter and was voluntarily dismissed. ECF Nos. 29, 32.

Freddie Mac and Ditech now move for reconsideration of the Court's July 2018 Order. ECF No. 31. Vegas Property opposed the motion, and Freddie Mac and Ditech replied. ECF Nos. 33, 34.

Vegas Property now moves to compel discovery. ECF No. 37. Freddie Mac and Ditech opposed the motion or, in the alternative, asks the Court to stay discovery until the pending motions for summary judgment have been resolved. ECF No. 39.

/ / /

Freddie Mac and Ditech now move again for summary judgment. ECF No. 38. Vegas Property also moves for summary judgment. ECF No. 40. Both motions are fully briefed. ECF Nos. 43–46.

### III. FACTUAL BACKGROUND

#### a. Undisputed facts

This matter centers on Freddie Mac's alleged interest in a property located at 753 Apple Tree Court, Henderson, Nevada 89014. The property sits within a community governed by a homeowners' association, which requires the community members to pay community dues.

In 2003, Vuckovic borrowed funds from ABN AMRO Mortgage Group, Inc. to purchase the property. The corresponding deed of trust, which secured the promissory note, was recorded in April 2003. Freddie Mac purchased the note and the deed of trust ("the loan") in May 2003.

In August 2007, ABN AMRO merged into CitiMortgage, Inc. The merger was effective September 1, 2007. CitiMortgage therefore became the successor by merger to ABN AMRO.

In 2008, the Federal Housing Financial Agency ("Agency"), an independent federal agency with regulatory and oversight authority over Freddie Mac, placed Freddie Mac into a conservatorship under the Housing and Economic Recovery Act, 12 US.C. § 4511 *et seq.*

In February 2015, after Vuckovic became delinquent in the homeowners' association dues, the association conducted a nonjudicial foreclosure sale on the property under NRS Chapter 116. Vegas Property purchased the property at the foreclosure sale. But Freddie Mac continued to maintain its previously acquired ownership in the loan at the time of the foreclosure sale. Neither Freddie Mac nor the Agency consented to the foreclosure sale to extinguishing Freddie Mac's property interest.

In May 2016, CitiMortgage recorded an assignment of the deed of trust to Ditech. Ditech has serviced the loan for Freddie Mac since.

A Freddie Mac document, the Guide, governs the relationship between Freddie Mac and its servicers, including CitiMortgage and Ditech. The Guide provides, in part, that the servicers may act as record beneficiaries for deeds of trust owned by Freddie Mac. Specifically, the Guide provides that the servicer agrees "Freddie Mac may, at any time and without limitation, require

the [servicer at the servicer's expense], to make such endorsements to and assignments and recordations of any of the [m]ortgage documents so as to reflect the interests of Freddie Mac." The Guide also states that "Freddie Mac may, at its sole discretion and at any time, require a [servicer at the servicer's expense], to prepare, execute and/or record assignments of the [s]ecurity [i]nstrument to Freddie Mac." The Guide provides that all documents maintained by a servicer in relation to the loans owned by Freddie Mac remain property of Freddie Mac; the servicers retain the documents in a custodial capacity. Finally, the Guide states that, when a transfer of servicing occurs, the transferor servicer may not further endorse the note. It must instead compare and complete assignments by assigning the security instrument to the transferee servicer and record the instrument.[1]

### a. Disputed Facts

The facts in this matter are largely undisputed. Vegas Property instead disputes whether Freddie Mac sufficiently establishes that it acquired an interest in the property under state laws.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation

---

[1] The Court takes judicial notice of: (1) the publicly recorded documents related to the deed of trust and the foreclosure sale; (2) Freddie Mac's Guide; and (3) statements published to the Agency's government website indicating it did not consent to the extinguishment of the enterprises property interests. Fed. R. Civ. P. 201 (b), (d); see also Berezovsky, 869 F.3d at 932–33 (judicially noticing the Guide); see also Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (judicially noticing undisputed matters of public record).

marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**V. DISCUSSION**

To begin, the Court considers Freddie Mac and Ditech's Motion for Summary Judgment. The two argue that the Federal Foreclosure Bar, 46 U.S.C. § 4617 (j)(3), preempts the nonjudicial foreclosure sale from extinguishing Freddie Mac's interest in the property since Freddie Mac was under the Federal Housing Financial Agency's ("Agency") conservatorship. The Court agrees.

The Ninth Circuit resolved the issue of preemption in relation to the Federal Foreclosure Bar and NRS 116.3116 in Berezovsky. 869 F.3d at 929–31. Per Berezovsky, the Federal Foreclosure Bar preempts nonjudicial foreclosure sales conducted under NRS 116.3116 from extinguishing Freddie Mac's property interests while Freddie Mac is under the Agency's conservatorship unless the Agency has affirmatively consented to the foreclosure. Id. at 927–31 (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac). Freddie Mac, or the Agency, may successfully move for summary judgment based on the Federal Foreclosure Bar by providing sufficient evidence to establish an interest in the property. Id. at 932–33.

Vegas Property seeks to avoid the granting of summary judgment in favor of Plaintiffs by arguing that further discovery is necessary to determine if Freddie Mac did in fact acquire an interest in the property. Specifically, Vegas Property contends that Freddie Mac has failed to produce a copy of any note or assignment to indicate conveyance of any property interest to Freddie Mac at any time. Vegas Property also takes issue with the declaration of Jeffrey Jenkins, a Freddie Mac employee, arguing that the declaration fails to state that Freddie Mac followed Nevada laws when acquiring the property interest and that the declaration is not based on personal knowledge. Vegas Property contends that actual documents, rather than screen shots of computer screens and electronic summaries, must be provided to show that the underlying note or deed of trust were properly transferred to Freddie Mac. Vegas Property seeks additional time to conduct discovery into Freddie Mac's alleged property interest as of the date of the foreclosure.

The Court finds additional discovery is unwarranted. The Ninth Circuit has allowed the Agency and federal enterprises under the Agency's conservatorship, such as Freddie Mac, to prove a property interest with materially identical evidence on multiple occasions. Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); see also Elmer v. JPMorgan Chase & Co., 707 F.App'x 426, 428–29 (9th Cir. 2017) (unpublished); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and most importantly, the Nevada Supreme Court allowed a federal enterprise under the Agency's conservatorship to prove its property interest with materially identical evidence as recently as 2018. Nationstar Mortg., LLC v. Guberland LLC-Series 3, 420 P.3d 556 (Nev. 2018) (favorably citing Berezovsky).

Like in Berezovsky, Freddie Mac offers a declaration from its employee, Jenkins, in conjunction with its business records and the Guide. Jenkins translates the business records in his declaration, specifically identifying the date on which Freddie Mac purchased the loan (the funding date) and from who it purchased the loan. Jenkins also points to the portion of the business records that identify Freddie Mac's servicers of the loan. Further, the Guide defines the principal-agency relationship between Freddie Mac and its servicers, as described in Berezovsky. 869 F.3d at 933. The documents establish that Freddie Mac purchased the loan in 2003—prior to the foreclosure sale—and has owned it since according to the evidentiary requirements allowed in Berezovsky. The Court therefore finds the records suffice to establish Freddie Mac's interest in the property.

In a similar vein, Vegas Property argues Freddie Mac never acquired an interest in the property since it failed to comply with the state recording statutes. SFR Investments Pool 1, LLC v. Green Tree Servicing, LLC, a recent decision from the Nevada Supreme Court, forecloses the argument. 432 P.3d 718 (Nev. 2018) (holding the state recording statutes, prior to the 2011 amendments, do not require an assignment of beneficial interests under a deed of trust to be recorded and failure to record does not prevent an assignee from enforcing its interest late); see also Berezovsky, 869 F.3d at 932 (discussing the interplay of the Federal Foreclosure Bar and NRS 106.210). Because Freddie Mac acquired the loan in 2003, the state recording statute did not

///

require Freddie Mac to record the assignment of beneficial interests in the deed of trust in its name. SFR Investment Pool 1, 432 P.3d 718.

Further, to the extent Vegas Property asserts an argument under the Nevada statutes codifying the statute of frauds, *e.g.* NRS 111.205, the Court finds Vegas Property lacks standing to assert the defense. Harmon v. Tanner Motor Tours of Nev., Ltd., 377 P.2d 622, 628 (Nev. 1963) ("The defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest). Because Vegas Property was not a party to the sale of the loan to Freddie Mac, it cannot assert a defense based on the statute of frauds.

The Court is also not persuaded by Vegas Property's reliance on Leyva v. Nat'l Default Servicing Corp., 255 P.3d 1275 (Nev. 2011). The Nevada Supreme Court's 2018 decision in Nationstar Mortg., LLC v. Guberland LLC-Series 3—issued subsequently to the 2011 Leyva decision—cited Berezovsky with favor and allowed material identical documentation to establish a federal enterprise's property interest. 420 P.3d 556.

Vegas Property next argues that Freddie Mac likely placed the loan in a trust, creating a securitized mortgage pool which was likely sold to investors. Vegas Property asks the Court to deny summary judgment and compel Freddie Mac to produce documents regarding the alleged securitization, *e.g.* the Trust Indenture. The Court declines to do so. The Ninth Circuit has recognized that federal enterprises securitize acquired mortgage loans and create mortgage-backed securities by placing the loans into security pools. Fed. Home Loan Mortg. Corp., 893 F.3d at 1142. Once the loans are placed in the security pools, the federal enterprises "issue certificates entitling the certificate-holders to a contractually specified share of payments borrowers make." Id. The federal enterprises "customarily perform this securitization by placing mortgage loans into common-law trusts[.]" Id. The federal enterprise serves as the trustee of the common-law trust. Id. Thus, even if Freddie Mac securitized the at-issue loan, it did not lose an interest in the loan as hypothesized by Vegas Property. See id.; see also In re Nordeen, 495 B.R. 468, 479 (B.A.P. 9th Cir. 2013) (collecting supporting cases and holding that securitization of a loan does not alter or affect the legal beneficiary's standing to enforce a deed of trust) (internal citations omitted); Elmer, 707 F.App'x at 428–29.

Vegas Property also contends that foreclosure of the HOA lien does not interfere with Freddie Mac's right to repayment under the promissory note. The argument is immaterial. The Federal Foreclosure Bar does not consider whether the federal enterprises' interests can be enforced in another manner—it completely preempts the extinguishment of the interest without consent while the enterprise remains in the Agency's conservatorship. Berezovsky, 869 F.3d 923; Fed. Home Loan Mortg. Corp., 893 F.3d 1136.

Finally, Vegas Property argues that the application of the Federal Foreclosure Bar amounts to a deprivation of property rights without due process of law. The Ninth Circuit also foreclosed this argument in Federal Home Loan Mortgage Corporation. 893 F.3d at 1147–51 (holding that the foreclosure sale conducted under NRS 116.3116 did not provide the buyer with a constitutionally protected property interest in the property with free and clear title and that Federal Foreclosure Bar provides "all the procedural protections [] due" even if such a property interest were established).

The Court grants summary judgment in favor of Federal Home Loan Mortgage Corporation and Ditech Financial LLC on Claim One and Claim Two. The Court finds that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Federal Home Loan Mortgage's interest in the property. The Court finds this holding to be conclusive as to all claims in this matter and dismisses the remaining claims and cross-claims.

### VI. CONCLUSION

**IT IS ORDERED** that Federal Home Loan Mortgage Corporation and Ditech Financial LLC's Motion for Summary Judgment (ECF No. 38) is GRANTED as to Claims One and Two. The Court finds that the foreclosure sale did not extinguish the first deed of trust owned by Federal Home Loan Mortgage Corporation. The Clerk of the Court is instructed to dismiss the remaining claims and crossclaims.

**IT IS FURTHER ORDERED** that Federal Home Loan Mortgage Corporation and Ditech Financial LLC's Motion for Reconsideration (ECF No. 31) is DENIED as moot.

**IT IS FURTHER ORDERED** that Vegas Property Services, Inc's Motion to Compel Discovery (ECF No. 37) is DENIED as moot.

**IT IS FURTHER ORDERED** that Federal Home Loan Mortgage Corporation and Ditech Financial LLC's Motion to Stay Discovery (ECF No. 39) is DENIED as moot.

**IT IS FURTHER ORDERED** that Vegas Property Service, Inc.'s Motion for Summary Judgment (ECF No. 40) is DENIED.

**IT IS ORDERED FURTHER** that the Clerk of Court shall enter judgment accordingly and close this case.

DATED: March 30, 2019.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**